Merrimack
No. 7004

### PIERRE PLANCHET v. NEW HAMPSHIRE HOSPITAL

June 30, 1975

*Malloy & Sullivan* and *James J. Barry, Jr. (Mr. Barry* orally), for the plaintiff.

*Warren B. Rudman,* attorney general, and *Joseph A. Di Clerico, Jr.,* assistant attorney general *( Mr. DiClerico* orally), for the New Hampshire Hospital.

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross,* by brief, for Amica Mutual Insurance Company as amicus curiae.

GRIFFITH, J. This is an appeal by the New Hampshire Hospital to the superior court from an order of the commission on human rights. RSA 354-A:10. The commission found that the New Hampshire Hospital was in violation of RSA 354-A:8 I (Supp. 1973) when it dismissed the plaintiff from employment since it discriminated against the plaintiff because of his sex.

Plaintiff was hired by the hospital as a security guard in 1970. In order to have the authority to effectuate arrests outside of the hospital, a security guard was required to secure appointment as a special officer of a law enforcement agency as a prerequisite of employment. Plaintiff applied and was accepted as a special police officer by the Concord Police Department. On December 26, 1972,

plaintiff was informed by the Concord police chief of the unwritten departmental hair grooming standards and that he would be dismissed as a special police officer if he did not obtain a haircut by January 1, 1973. Thereafter plaintiff was dismissed as a special police officer of the Concord police and after the hospital sought without success to obtain his special officer status from the State police and the sheriff 's office plaintiff was discharged by the hospital. The Trial Court *(Batchelder,* J.), by agreement of the parties, transferred without ruling the following threshold question: "Does enforcement of a differential hair length standard between male and female employees constitute discrimination because of sex within the meaning of RSA 354-A:8 I?"

The question transferred is a narrow one of statutory construction. RSA 354-A:8 I (Supp. 1973) has a federal counterpart in 42 U.S.C.A. § 2000 e-2 (a) (1). Both as they relate to sex are designed to prevent discrimination in employment between men and women. Hair grooming requirements of employment which provide different standards for men than for women have not been dealt with by the Supreme Court but numerous cases have been determined by the federal district courts and the courts of appeal and they lend persuasive assistance in answering the transferred question. Plaintiff relied primarily on *Willingham v. Macon Telegraph Publishing Company,* 482 F.2d 535 (5th Cir. 1973), a two to one panel decision holding that to require men to wear shorter hair than women was sex discrimination in employment in violation of 42 U.S.C.A. § 2000 e-2 (a) (1). Subsequent to oral argument the case was reheard en banc resulting in an eleven to four decision holding that there was no violation of 42 U.S.C.A. § 2000 e-2 (a) (1) in disparate hair grooming requirements of employment for men and women. *Willingham v. Macon Tel. Publishing Co.,* 507 F.2d 1084 (5th Cir. 1975). Other federal courts of appeal have also held different hair grooming requirements for men and women are not sex discrimination in employment. *Baker v. California Land Title Co.,* 507 F.2d 895 (9th Cir. 1974); *Dodge v. Giant Food, Inc.,* 488 F.2d 1333 (D.C. Cir. 1973).

The basis for these rulings start with the premise that the fundamental purpose of the federal statute (and ours) is to prevent discrimination between the sexes in employment. Clearly a policy that prefers one sex over another based upon the immutable characteristics of the sexes is forbidden. Within the ambit of forbidden discrimination are employment practices that deny one sex employment after the exercise of a fundamental human right which is granted the other, *e.g.,* hiring married men but not married women,

*Sprogis v. United Air Lines, Inc.,* 444 F.2d 1194 (7th Cir. 1971), and men with preschool children but not women in that category. *Phillips v. Martin Marietta Corp.,* 400 U.S. 542 (1971). However the law is not designed to eliminate all distinctions between the sexes in dress and actions which are within the control of the employee. It has been pointed out that to require an employer to accept the same grooming and employment standards for men as for women carried to the extreme would require the employer to hire men in dresses and eliminate separate toilet facilities. *Boyce v. Safeway Stores, Inc.,* 351 F. Supp. 402 (D.D.C. 1972).

We concur in the reasoning of the federal cases cited that there is no discrimination between sexes in requiring different hair grooming for male employees than for women. Plaintiff's loss of employment came about because of his refusal to cut his hair, not because he was a man. Accordingly, our answer to the question transferred is in the negative.

*Remanded.*

All concurred.