PIK-KWIK STORES, INC. *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

328

Argued December 4, 1975—decision released March 9, 1976

*Sidney D. Giber,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellant (defendant).

*William J. Larkin,* with whom was *Paul S. Lux,* for the appellee (plaintiff).

BARBER, J. A job applicant, hereinafter called "complainant," applied to the plaintiff corporation, which operates numerous supermarkets in the Waterbury area, for any type of work that was available. The complainant was interviewed and told that he could have a job, provided he cut his hair to comply with the plaintiff's grooming standards, but the complainant, who wore his hair long, refused to shorten it. Instead, he filed a complaint with the defendant commission alleging that the plaintiff's grooming standards, which require male employees to have neat, well-groomed hair, off the collar and above the ears, but which do not restrict female employees to collar-length hair, discriminate against males.

Pursuant to § 31-127 of the General Statutes, the commission investigated the complaint and, finding reasonable cause to believe that the plaintiff was engaging in an unfair employment practice, held a hearing on the complaint. The commission determined that the plaintiff's grooming standards did discriminate against male job applicants, in violation of § 31-126 (a) of the General Statutes.[1] The commission thereupon ordered the plaintiff to offer the complainant a job and pay him back wages, to cease enforcing its "discriminatory hair dress policy," to promulgate a nondiscriminatory hair dress code, and to post nondiscrimination notices throughout its business establishments.

The plaintiff appealed the commission's order to the Court of Common Pleas which, in its memorandum of decision, held that the plaintiff's grooming code did not discriminate on the basis of sex. The court, therefore, rendered judgment sustaining the appeal and setting aside the commission's order, from which judgment the commission has appealed to this court.

The scope of judicial review in an appeal from an administrative agency such as the defendant commission is limited by § 4-183 (g) which provides, in part, that "[t]he court may reverse or modify the decision [of the administrative agency] if sub-

---

[1] "[General Statutes] Sec. 31-126. UNFAIR EMPLOYMENT PRACTICES. It shall be an unfair employment practice (a) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, because of the race, color, religious creed, age, sex, national origin, ancestry or physical disability, including, but not limited to, blindness of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against him in compensation or in terms, conditions or privileges of employment."

stantial rights of the appellant have been prejudiced because the . . . conclusions, or decisions are: . . . (4) affected by . . . error of law." The Court of Common Pleas sustained the plaintiff's claim that the conclusion of the commission that the grooming code of the plaintiff constituted sex-based discrimination was based on an error of law. We agree with the trial court.

We have on two recent occasions considered claims of sex-based discrimination in employment practices; *Evening Sentinel* v. *National Organization for Women,* 168 Conn. 26, 357 A.2d 498; *Veeder-Root Co.* v. *Commission on Human Rights & Opportunities,* 165 Conn. 318, 334 A.2d 433; but the precise issue raised in this appeal, whether an employee grooming code discriminates on the basis of sex, is one of first impression for this court. A number of federal courts, however, have considered this precise issue in the context of claims brought under title VII of the Civil Rights Act of 1964, § 703 (a), 42 U.S.C. § 2000e-2 (a).[2] At the Court of Appeals level, the decisions have uniformly held that grooming codes do not discriminate on the basis of sex. *Willingham* v. *Macon Telegraph Publishing Co.,* 507 F.2d 1084 (5th Cir.) (en banc, reversing 482 F.2d 535); *Baker* v. *California Land*

---

[2] "[42 U.S. Code] § 2000e-2. UNLAWFUL EMPLOYMENT PRACTICES— EMPLOYER PRACTICES (a) It shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

*Title Co.,* 507 F.2d 895 (9th Cir.); *Dodge* v. *Giant Foods, Inc.,* 488 F.2d 1333 (D.C. Cir.); *Fagan* v. *National Cash Register Co.,* 481 F.2d 1115 (D.C. Cir.). In addition, the Supreme Court of New Hampshire, interpreting a statute (N.H. Rev. Stat. Ann. § 354–A: 8 [I]) identical to the Connecticut provision, has also held that employee grooming codes do not discriminate on the basis of sex. *Planchet* v. *New Hampshire Hospital,* 115 N.H. 361, 341 A.2d 267.

Although the language of the federal statute and that of the Connecticut statute differ slightly, it is clear that the intent of the legislature in adopting 1967 Public Acts, No. 426 (which extended the provisions of the Fair Employment Practices Act; General Statutes, c. 563; to prohibit discrimination on the basis of sex) was to make the Connecticut statute coextensive with the federal. 12 Conn. Sen. Proc., pt. 3, 1967 Sess., p. 1091. We are in accord with the federal courts which have held that the object of 42 U.S.C. § 2000e-2 (a) (and General Statutes § 31-126 [a]) is the prohibition of discrimination based on immutable characteristics such as race, color, national origin, or sex. "Equal employment *opportunity* may be secured only when employers are barred from discriminating against employees on the basis of immutable characteristics, such as race and national origin. Similarly, an employer cannot have one hiring practice for men and another for women *if* the distinction is based on some fundamental right. But a hiring policy that distinguishes on some other ground, such as grooming codes or length of hair, is related more closely to the employer's choice of how to run his business than to equality of opportunity." *Willingham* v. *Macon Telegraph Publishing Co.,* supra,

1091. As noted in *Planchet* v. *New Hampshire Hospital,* supra, 363, "[the complainant's] loss of employment came about because of his refusal to cut his hair, not because he was a man."

There is no error.

In this opinion the other judges concurred.