BOARD OF EDUCATION OF THE CITY OF HARTFORD *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued November 14, 1978—decision released January 30, 1979

*Christina G. Dunnell,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellant (defendant).

*H. Maria Cone,* assistant corporation counsel, with whom were *Richard M. Cosgrove,* assistant corporation counsel, and, on the brief, *Hubert J. Santos,* corporation counsel, for the appellee (plaintiff).

PETERS, J.  This is an appeal by the commission on human rights and opportunities from a judgment of the Court of Common Pleas which set aside a hearing examiner's decision that the plaintiff had unlawfully discriminated against the complainant, a black person, by refusing to award him back pay and benefits upon reinstating him after an involuntary termination.  The commission claims that the court erred in misconceiving the issue before the hearing examiner and in substituting its judgment for that of the hearing examiner.

The following facts were found by the hearing examiner and accepted by the trial court: The plaintiff Hartford board of education terminated the employment of the complainant, a black custodian at one of the city's high schools, in October of 1974, on the grounds of his verbal abuse of his coworkers and his unsatisfactory performance of his assigned tasks.  The custodian successfully appealed his termination to the board, and returned to work in May of 1975, seven months after his dismissal.  He was,

however, granted neither back pay nor benefits for the time that he was not permitted to work. At approximately the same time, a white school teacher at another of the city's high schools was terminated by the plaintiff for using physical force on a student. He too successfully appealed his termination and was reinstated to his job; but in his case restoration to work was accompanied by the plaintiff's payment of all except one week's back pay and benefits. Restoration of his benefits was deemed appropriate because of his otherwise exemplary record. The plaintiff has no written policy regarding suspension without pay of its noninstructional employees, except as provided in the collective bargaining agreement with the appropriate union. That agreement provides for suspension without pay and for discharge without prior warnings only in the event of serious misconduct, which the agreement itself does not define. The practice of the plaintiff had been not to suspend any employee without pay for periods longer than one or two weeks except in the rarest instances, and never for periods of six or seven months.

On the basis of these facts, the hearing examiner concluded that the complainant had established a prima facie case of race discrimination in violation of the Connecticut Fair Employment Practices Act, General Statutes § 31-126 (a),[1] because of the difference in treatment afforded to the black custodian and the white teacher with regard to restoration of back pay upon reinstatement. He also concluded

---

[1] "[General Statutes] Sec. 31-126. UNFAIR EMPLOYMENT PRACTICES. It shall be an unfair employment practice (a) For an employer . . . because of the race . . . of any individual . . . to discharge from employment such individual or to discriminate against him in compensation or in terms, conditions or privileges of employment."

that the plaintiff had failed to meet its burden of demonstrating that the grossly disparate treatment was motivated not by race but by a legitimate non-discriminatory consideration, although he conceded that there was no evidence to support either a deliberately discriminatory purpose or a lack of good faith on the part of the plaintiff. He therefore ordered the plaintiff to pay the complainant back pay and benefits for the time that he was not on the plaintiff's payroll, reduced by an amount equal to two weeks' compensation. The plaintiff appealed this administrative decision to the trial court, claiming that the decision of the hearing examiner was arbitrary and erroneous because without basis in fact.

It is important to be precise about what issue was presented by the complaint before the hearing examiner. The issue was not whether the complainant should have been terminated but rather whether, having been reinstated, he should have lost all back pay and benefits. The trial court, nonetheless, concluded that there was no basis for the commission's conclusion of discrimination because the original decision to terminate the complainant was justified, and would have been implemented but for a provision of the collective bargaining agreement requiring a progressive order of disciplinary action prior to termination. That earlier decision had not been reexamined before the hearing examiner and therefore was inappropriately considered on appeal.

The gravamen of the complaint before the hearing examiner was disparity of treatment on account of membership in a class protected by the Fair Employment Practices Act. The hearing examiner recognized that unequal treatment of persons similarly

situated warrants legal intervention only when prohibited by statute. He observed also, as this court has observed, that overt evidence of discrimination is likely to be elusive. "Racial discrimination is an intangible and for the most part can be established only through inference. . . . In this type of proceeding, therefore, greater latitude is accorded the tribunal to draw inferences from words and deeds than in cases where overt acts need be established." *Reliance Ins. Co.* v. *Commission on Human Rights & Opportunities,* 172 Conn. 485, 488–89, 374 A.2d 1104 (1977).

The complainant established a prima facie case of race discrimination, as the hearing examiner found, by the evidence that was adduced to show the substantially disparate treatment of the complainant, as compared with the white teacher, with regard to back pay after reinstatement. Thereafter, the burden shifted to the plaintiff employer to show a legitimate nondiscriminatory reason for the employer's conduct. *Furnco Construction Corporation* v. *Waters,* 438 U.S. 567, 577, 98 S. Ct. 2943, 57 L. Ed. 2d 957 (1978); *McDonnell Douglas Corporation* v. *Green,* 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *Peters* v. *Jefferson Chemical Co.,* 516 F.2d 447, 450 (5th Cir. 1975).[2] The hearing examiner concluded that the plaintiff board had not met its burden of justification.

---

[2] The federal cases set out the standards for burden of proof under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Section 703 (a) (1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (a) (1), prohibits unfair employment practices in language virtually identical to General Statutes § 31-126 (a). We have held that "[a]lthough the language of the federal statute and that of the Connecticut statute differ slightly, it is clear that the intent of the legislature in adopting [an amendment to § 31-126] was to make

In reaching the contrary conclusion that underlying differences in the grounds of termination justified the plaintiff's disparate treatment of the black complainant and the white teacher, the trial court misconstrued the scope of its authority in reviewing an order of a hearing examiner. On appeal to the Court of Common Pleas, "[t]he findings of the hearing tribunal . . . if supported by substantial and competent evidence, shall be conclusive." General Statutes § 31-128 (b). "Substantial and competent evidence is that which carries conviction. It is such evidence as a reasonable mind might accept as adequate to support a conclusion. It means something more than a mere scintilla and must do more than create a suspicion of the existence of the fact to be established." *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 322, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973); see *International Brotherhood of Electrical Workers* v. *Commission on Civil Rights,* 140 Conn. 537, 543–44, 102 A.2d 366 (1953). The court is thus limited to determining whether the tribunal's findings were supported by "substantial and competent evidence," and whether the tribunal exceeded its authority. General Statutes § 4-183 (g).[3] The court

___

the Connecticut statute coextensive with the federal. 12 S. Proc., Pt. 3, 1967 Sess., p. 1091. We are in accord with the federal courts which have held that the object of 42 U.S.C. § 2000e-2 (a) (and General Statutes § 31-126 [a]) is the prohibition of discrimination based on . . . race, color, national origin, or sex." *Pik-Kwik Stores* v. *Commission on Human Rights & Opportunities,* 170 Conn. 327, 331, 365 A.2d 1210 (1976).

[3] "[General Statutes] Sec. 4-183. JUDICIAL REVIEW. WAIVER OF COSTS. . . . (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions,

cannot try the case *de novo,* adjudicate the facts, or substitute its own discretion for that of the tribunal. *Norwich* v. *Norwich Fire Fighters,* 173 Conn. 210, 214, 377 A.2d 290 (1977); *International Brotherhood of Electrical Workers* v. *Commission on Civil Rights,* supra, 544–45.

The trial court recognized that the "substantial and competent evidence" test defined and limited the scope of its review. Nowhere did the court find fault with the nature of the evidence pertaining to the sole issue before it, namely, whether there had been discrimination in back pay between the custodian and the teacher *following reinstatement.* Instead, it focused on two concerns which individually and jointly are insufficient to overturn the conclusions of the hearing examiner. First, it pursued the reasons for the original decisions of termination and reinstatement, none of which was at issue before the hearing examiner. The hearing examiner might reasonably have concluded that, in light of the established pattern of limiting forfeiture of back pay to two weeks or less, this evidence was an insufficient justification for the seven month penalty imposed upon the complainant. Second, it emphasized the hearing examiner's own finding that the plaintiff had acted without discriminatory purpose and in good faith. As the hearing examiner held, good faith is not exculpatory under § 31-126 (a), since the target of fair employment legislation is the effect, and not the purpose, of discrimination. *Eve-*

or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

*ning Sentinel* v. *National Organization for Women,* 168 Conn. 26, 31–33, 357 A.2d 498 (1975). In the absence of any showing that the hearing tribunal abused its discretion, found facts without substantial and competent evidence, or otherwise acted arbitrarily, its decision and order must stand.

There is error, the judgment is set aside, and the case is remanded with direction to dismiss the appeal and confirm the order of the hearing tribunal.

In this opinion the other judges concurred.