[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff Jennifer Cotter has been employed by the defendant, State of Connecticut Division of Special Revenue since January 19, 1990. She alleges that she has been sexually harassed since April 1990 by William Clark, an employee of the Division of Special Revenue. The plaintiff alleges that although she complained about the sexual harassment to her supervisors, the defendant has neither attempted to CT Page 1511 prevent nor taken any disciplinary action against Mr. Clark. The plaintiff filed the instant action pursuant to Connecticut General Statutes 46a-60(a)(1) and 46a-60(a)(8).[1]
Defendant now moves to strike that portion of the complaint which refers to 46a-60(a)(8) on the grounds that (1) the plaintiff has failed to allege that Mr. Clark is her employer or an agent of her employer and (2) that the defendant's failure to take action to prevent such harassment is not a violation of 46a-60(a)(8).
Discussion
"Although the language of [Title VII of the Civil Rights Act of 1964, 703(a)(1); 42 U.S.C. § 2000e-2(a)] and that of the Connecticut statute differ slightly, it is clear that the intent of the legislature" in extending the provisions of the Fair Employment Practices Act to prohibit discrimination based on sex "was to make the Connecticut statute coextensive with the federal." State v. Commission on Human Rights and Opportunities, 211 Conn. 464, 469-70 (1989) quoting Pik-Kwik Stores, Inc. v. Commission on Human Rights and Opportunities,170 Conn. 327, 331 (1976). "Although we are not bound by federal interpretation of Title VII provisions, `we have often looked to federal employment discrimination law for guidance in enforcing our own antidiscrimination statute.'" State v. Commission on Human Rights and Opportunities, supra, 470, quoting Department of Health Services v. Commission on Human Rights and Opportunities, 198 Conn. 479, 489 (1986).
It is, therefore, appropriate to examine federal decisions in determining the issues in this case. Turning to the second reason first, it has been held that "a plaintiff may state a claim for hostile environment sexual harassment against an employer that `knew or should have known of the harassment in question but failed to take prompt remedial action.'" Streeter v. Joint Industry Board of the Electrical Industry, 767 F. Sup. 520, 529 (S.D.N.Y. 1992), quoting Henson v. Dundee, 682 F.2d 897, 903-05 (11th Cir. 1983). "The plaintiff can demonstrate knowledge by showing that she complained to higher authority who failed to take remedial action or by showing that the harassment was so pervasive that the employer should have known about it." Streeter, supra, 529; CT Page 1512 see also Intlekofer v. Turnage, 973 F.2d 773, 777 (9th Cir. 1992).
The claim that Mr. Clark is neither the plaintiff's employer nor its agent is also without merit. "The capacity of any person to create a hostile or offensive environment is not necessarily enhanced or diminished by any degree of authority which the employer confers on that individual." Henson v. City of Dundee, supra, 910. An employer's affirmative obligations to remedy harassment under the Act are not affected by the level of authority the harasser holds within the workplace. The EEOC Compliance Guidelines,29 C.F.R. § 1604.11(d) state:
 "With respect to conduct between fellow employees, an employer is responsible for acts of sexual harassment in the workplace where the employer (or its agents or supervisory employees) knows or should have known of the conduct, unless it can show that it took immediate and appropriate corrective action."
As the plaintiff has alleged that the defendant knew of the sexual harassment and failed to take remedial action, the plaintiff has sufficiently alleged a violation of46a-60(a)(8). The motion to strike is therefore denied.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT