[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE SECOND REVISED COMPLAINT
This is an action seeking damages from an employer arising out of an injury incurred by plaintiff in the course of his employment, alleging that the defendant employer wrongfully terminated his health insurance.
After a prior revised complaint was struck by this court (Hennessey, J.) on September 3, 1992, plaintiff filed a Second Revised Complaint dated September 6, 1992, in two counts; the first count alleging discrimination under Conn. Gen. Stats. 31-290a, the second count alleging intentional infliction of emotional distress.
Defendant, on September 21, 1992, moved to strike both counts.
 I
The defendant moves to strike the first count on the ground that the plaintiff has failed to allege facts sufficient to show discrimination based upon the filing of his workers' compensation claim. The first count is brought under General Statutes 31-290a which provides, in relevant part, that
 "[n]o employer . . . shall discharge . . . or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits . . . .
In order to prevail on a claim pursuant to General Statutes31-290a, the plaintiff must establish by a preponderance of the evidence a prima facie case of discrimination. Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40,53, 578 A.2d 1054 (1990). "A prima facie case of discrimination in employment practices has been defined as evidence showing a substantially disparate treatment of persons similarly situated." Cecere v. LaBonne's Epicure, Inc., 4 Conn. L. Rptr. 822, 823 (September 9, 1991, Hennessey, J.), citing Board of Education v. Commission on Human Rights Opportunities, 176 Conn. 533, 537,409 A.2d 1013 (1979).
Plaintiff's second revised substituted complaint contains five additional allegations compared to the CT Page 2488 complaint which was stricken. Specifically, the plaintiff alleges that the defendant maintains health insurance for those employees who do not file workers' compensation claims; terminated employees are allowed to maintain their health insurance coverage pursuant to General Statutes 38a-538(a)(1) and the Consolidated Omnibill Budget Reconciliation Act (COBRA); he received substantially disparate treatment in retaliation for filing a workers' compensation claim in that he was denied his right to health insurance coverage; he is not eligible to collect workers' compensation benefits and, therefore, has no remedy under General Statutes 31-284b; and, defendant's failure and refusal to supply medical insurance which was available to noninjured employees constitutes discrimination.
The defendant argues that these allegations are still not sufficient to support a prima facie case of discrimination under Conn. Gen. Stats. 31-290a. We disagree. The plaintiff now alleges that the defendant provides health insurance coverage for noninjured employees and those who do not file workers' compensation claims, that he was denied health insurance benefits because he filed a workers' compensation claim, and that he sustained damages as a result of said discrimination. These alleged facts are sufficient to constitute a prima facie case of discrimination pursuant to Conn. Gen. Stats. 31-290a. Defendant's motion to strike the first count is denied.
 II
A special defense, and not a motion to strike, is the proper procedural vehicle to challenge the plaintiff's complaint on the ground that it is barred by the exclusivity provisions of the Workers' Compensation Act. Grant v. Bassman, 221 Conn. 465, 473, 604 A.2d 814 (1992). Defendant's motion to strike the second count is denied.
Wagner, J. CT Page 2489