[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks to recover damages for his alleged unlawful firing by the defendant. He claims he was terminated as a result of his having suffered an on the job injury and his having indicated he was going to file a compensation claim.
In his complaint, however, the plaintiff alleged a discriminatory firing because of his "filing a workers' CT Page 1146 compensation claim," relying on Sec. 31-290a(a). The plaintiff's proof, however, revealed that he had not filed his claim when he was fired. Consequently, when the plaintiff rested his case, the defendant moved for a dismissal, "noting the plaintiff's proof was based on a different part of Sec. 31-290a(a)." The plaintiff then requested leave to amend his complaint in accordance with Section 178 of the Practice Book which provides that:
 "In all cases of any material variance between allegation and proof, an amendment may be permitted at any stage of the trial. . ."
The Court advised the plaintiff to file a written motion to amend and reserved decision on the motion to dismiss. The defendant has filed an objection to the motion to amend.
The defendant argues that the motion is tardy, since it was made after the completion of the trial and only after it was highlighted by the defendant's motion to dismiss. He also claims prejudice and that the plaintiff is injecting a new cause of action into the case, with the Statute of Limitations having run as to that cause.
The discharge of the plaintiff occurred in August of 1989, this action was returned in June of 1990. The matter was tried on December 2, 1994. The Court finds merit to the defendant's objection and grants the motion to dismiss.
The plaintiff in argument on the motion has relied on Bundockv. Waste Management of Connecticut, Inc., 8 Conn. L. Rptr. No. 8, 263 (February 22, 1993), Lewis, J. In that case, Judge Lewis denied a motion to strike the complaint. However, that complaint is distinguishable from the instant one in that it alleged that the plaintiff notified the defendant at the time of the accident that he intended to exercise, his rights under the Workers' Compensation Act.
In this case, the original complaint contained similar language, but in a Revised Complaint dated October 17, 1990, the plaintiff restricted his claim to the allegation that he was discharged for filing a workers' compensation claim. The defendant was entitled to assume the complaint was revised for a valid reason, he defended on the basis of this revision and its proof, and it wasn't until the defendant moved to dismiss that the plaintiff reverted to his original position. CT Page 1147
The Court will proceed to address this case on the merits so that if an appeal follows, a complete decision can be reviewed, thus possibly saving the parties time and expense.
A prima facie case under § 31-290a requires the plaintiff employee to bear the initial burden of proving discriminatory motive by a preponderance of the evidence. Chiaia v. PepperidgeFarm, 24 Conn. App. 362 (1991). "[T]he employee must present some evidence from which the trier of fact could infer that the employer discharged or discriminated against the employee for exercising rights under the [Workers' Comp. ] Act." Id. Had this Court not granted the defendant's Motion to Dismiss and proceeded to make a finding on the merits, this Court would conclude that the plaintiff had not met his burden of proving a prima facie case under § 31-290a.
The allocation of the burden of proof in an action brought pursuant to § 31-290a has been set forth in Ford v. Blue Cross Blue Shield, 216 Conn. 40 (1990). The Supreme Court has enunciated a three-step process, as follows:
 In setting forth the burden of proof requirements in a § 31-290a action, we look to federal law for guidance. See Wroblewski v. Lexington Gardens, Inc., 188 Conn. 44, 53, 448 A.2d 801 (1982) (court guided by federal law in sex discrimination action); Pik-Kwik Stores, Inc. v. Commission on Human Rights Opportunities, 170 Conn. 327, 331, 365 A.2d 1210 (1976) (in sex discrimination action court guided by the case law surrounding federal fair employment legislation, 42 U.S.C. § 2000e
et seq.); see also Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369
(Ala. 1988) (applied federal standards of proof to claims of retaliation in the workers' compensation context.)
 In McDonnell Douglas Corporation v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668
(1973), the United States Supreme Court set forth the basic allocation of burdens and order of presentation of proof in cases involving claims of employment discrimination. The plaintiff bears the initial burden of CT Page 1148 proving by the preponderance of the evidence a prima facie case of discrimination. Id., 802. In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If the plaintiff meets this initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions. McDonnell Douglas Corporation v. Green, supra. "If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity." Texas Department of Community Affairs v. Burdine, supra, 255. The plaintiff then must satisfy her burden of persuading the factfinder that she was the victim of discrimination "either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id., 256; see McDonnell Douglas Corporation v. Green, supra, 804-805.
Id., 53-54.
This Court is bound to follow the Supreme Court's framework noted above, in analyzing this case on the merits.
The first part of the three-part framework allocating the burdens of proof requires that the plaintiff bear the initial burden of proving by a preponderance of the evidence, a prima facie case of discrimination under § 31-290a. Erisoty v. Merrow MachineCo., 34 Conn. App. 708, 710 (1994). The plaintiff must do this by presenting evidence that gives rise to an inference of unlawful discrimination. Id. citing Texas Dept. of Community Affairs v.Burdine, 450 U.S. 248, 252-53 (1981) (Burdine). Here, the plaintiff presented evidence that he was injured on the job on August 7, 1989, while in the defendant's employ. He stated that he reported the injury to the foreman, Mr. McNiff sometime after the CT Page 1149 accident and that he requested an accident report. The plaintiff's employment was terminated five days later. The plaintiff received the accident report he had requested at the same time as the lay-off slip. The reason for this lay-off was given by the defendant as being "lack of work." A short time after plaintiff's employment terminated, the defendant hired three new workers to replace the plaintiff.
The Court finds that the evidence presented by the plaintiff as outlined above does raise an inference of unlawful discrimination. An inference of unlawful discrimination however is not sufficient to prove a prima facie case of discrimination under § 31-290a. There is a second step that follows.
The second step of the analysis shifts the burden of proof to the defendant. The defendant is given the opportunity to rebut the presumption of discrimination by producing evidence of a legitimate, non-discriminatory reason for its actions. Ford v.Blue Cross Blue Shield, 216 Conn. 40, 54 (1990). The Court finds that the defendant successfully rebutted the presumption of discrimination raised by the plaintiff. It provided a "legitimate, non-discriminatory reason for its actions," namely, the general contractor, O G Contractors asking that the plaintiff be removed from the job because of the problems they had been having with him. Evidence was presented at trial to support this reason.
Thomas McNiff testified that O G had "had problems" with the plaintiff. He testified that he had witnessed a confrontation between the plaintiff and an O G employee. Robert Hilton testified that he had received telephone calls from O G asking that the plaintiff be removed from the job. He admitted that the reason for the lay-off was not lack of work but in fact, the complaints he had received from O G regarding the plaintiff. Further, McNiff had testified that he had not notified Robert Hilton of the plaintiff's injury but he had told the secretary in the office. In light of the evidence presented at trial, this Court concludes that the defendant presented a legitimate, non-discriminatory reason for terminating the plaintiff's employment. Therefore, the second part of the three-step analysis is satisfied and the defendant has successfully rebutted the presumption of discrimination raised by the plaintiff.
Our inquiry however does not end here. There is a third and important step in this framework that raises the inquiry "to a new level of specificity." Burdine, 450 U.S. at 255. In fact, our CT Page 1150 Supreme Court in Ford considered this third step to be of such great importance that it reversed the trial court judgment because the court had omitted this third step in its jury instructions.
The third and final step of the analysis requires that once the defendant has successfully rebutted the presumption raised by the plaintiff, "the plaintiff must then persuade the factfinder either that `a discriminatory reason more likely motivated the employer' or that `the employer's proferred explanation is unworthy of credence.'" Ford v. Blue Cross Blue Shield at 54 (citingMcDonnell Douglas, 411 U.S. 792 (1973). Here, the plaintiff merely denied any "problems" or "run-ins" with O G Contractors. Although the plaintiff's father testified that he had not witnessed any confrontations between the plaintiff and O G Contractors, the plaintiff has failed to persuade the Court that the defendant employer's "proffered explanation is unworthy of credence." SeeFord V. [v.] Blue Cross Blue Shield, 216 Conn. at 54.
The plaintiff has failed to persuade the Court that he was a victim of discrimination and that his employment was terminated as a result of his seeking to file a workers' compensation claim following an injury on the job. Therefore, this Court must conclude that even if the plaintiff's complaint in this action had withstood the defendant's Motion to Dismiss, the plaintiff failed to prove a prima facie case of discrimination under C.G.S. § 31-290a(a).
Judgment may enter for the defendant.
Anthony V. DeMayo State Trial Referee