[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Sandra Earley, appeals the dismissal of her complaint of discrimination against her former employer, defendant Maryland Casualty Co., by the defendant Commission on Human Rights Opportunities ("CHRO"). On July 18, 1995, the plaintiff filed her complaint with the CHRO, alleging that Maryland Casualty Co. had discriminated against her in reprimanding her on the basis of a disability, namely, asthma. On December 8, 1995, the plaintiff amended her complaint to add a claim of discrimination on the same grounds for termination from her employment. On August 13, 1996, the CHRO dismissed the complaint, finding no reasonable cause. The plaintiff filed a timely application for reconsideration on August 26, 1996. On December 3, 1996, the CHRO issued a decision rejecting the plaintiff's request for reconsideration. This appeal followed on CT Page 9995 January 16, 1997.
The CHRO filed the Record on March 7, 1997, and its Answer on April 2, 1997. Maryland Casualty Co. filed its Answer on April 18, 1997. Briefs were filed by all parties. Oral argument took place on September 11, 1997.
In her appeal, the plaintiff claims that the CHRO's finding of no cause is not supported by substantial evidence as to either the reprimand of the plaintiff or her termination. She brings her appeal pursuant to General Statutes § 46a-83a and §46a-94a. Under § 46a-83a, "[i]f a complaint is dismissed pursuant to subsection (b) or (c) of section 46a-83, or if a reconsideration of a dismissal as provided in subsection (e) of section 46a-83 is rejected, the complainant shall have a right of appeal pursuant to section 46a-94a." Both § 46a-83a and §46a-94a make it clear that General Statutes § 4-183 (j) is applicable to this appeal. General Statutes § 4-183 (j) establishes the standard of review for this court:
 (j) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment.
The Supreme Court has specifically set forth the limited scope of review for a CHRO determination of no reasonable cause. InAdriani v. Commission on Human Rights Opportunities,220 Conn. 307, 314-315 (1991), the Court reiterated the substantial evidence standard that applies to all administrative agency decisions: CT Page 9996
 "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." Connecticut Light Power Co. v. Department of Public Utility Control, 216 Conn. 627, 639, 583 A.2d 906 (1990); Board of Education v. Commission on Human Rights Opportunities, 176 Conn. 533, 538, 409 A.2d 1013 (1979). The substantial evidence standard is satisfied if the record provides a "`substantial basis of fact from which the fact in issue can be reasonably inferred. . . .'" Lawrence v. Kozlowski, 171 Conn. 705, 713, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977).
The Court then went on to conclude that "the reasonable cause standard requires the commission to consider all reliable probative evidence, including evidence unfavorable to the complainant's claim." Adriani v. CHRO, supra, 220 Conn. 316-317. Finally, the Court stated:
 We conclude that a necessary corollary to allowing the commission to consider all relevant evidence gathered during the investigation is that in making the reasonable cause determination, the investigator, and the commission when reviewing the investigator's recommendation, are entitled to make findings on disputed issues of material fact by weighing the credibility of the witnesses and drawing inferences.
(footnotes omitted) Id., 317. See also Adriani v. Commission onHuman Rights Opportunities, 228 Conn. 545 (1994).
In this case, the following facts are not disputed. The plaintiff suffers from asthma and pursuant to General Statutes § 46a-51 (15) is protected by General Statutes § 46a-60. She was employed by the Maryland Casualty Co. in May, 1994 as a Senior Claim Representative. On February 24, 1995, she was reprimanded by her employer, and on November 3, 1995, her employment was terminated.
In her brief, the plaintiff claims that Maryland Casualty Co. discriminated against her in violation of General Statutes §§46a-58 and 46a-60 (a) by reprimanding her and later discharging her because of her asthma. As to the reprimand, the plaintiff claims that the conclusion of the CHRO is not supported by CT Page 9997 substantial evidence in the record. The CHRO found that there was a legitimate non-discriminatory reason for reprimanding the plaintiff: excessive absenteeism, which was documented by a memorandum of February 22, 1995. It was not disputed that the plaintiff was absent from work November 8, 1994, December 2, 1994, December 27, 1994, December 28, 1994, February 14, 1995, and February 17, 1995. Upon reconsideration, the CHRO noted that at the time of the reprimand the plaintiff had not filed a worker's compensation claim, and that only two of the six incidents of absenteeism may have been related to asthma attacks at the workplace.
As to the termination of her employment, the plaintiff argues that there was not substantial evidence to support CHRO's conclusion that she was not discriminated against on the basis of her physical disability or her status as a workers compensation claimant[1]. The CHRO found that there were legitimate non-discriminatory reasons for terminating the plaintiff's employment. These reasons were 1) that the plaintiff "was unable to work on a regular basis in the work environment which imposed an undue hardship on the respondent and the [plaintiff's] coworkers, and 2) that the plaintiff "accepted a position with another employer which was in violation of respondent's policy." (Return of Record (ROR), p. 134). Upon reconsideration, the CHRO noted that, under the terms of the employer's policy manual, it was the plaintiff's obligation to alert Maryland Casualty Co. to the scope of her duties at her new place of employment to determine the absence of a conflict of interest. (ROR, p. 6).
This court has reviewed the record and listened to the transcript of the fact-finding session. It concludes that there was compliance with the procedure set forth in General Statutes § 46a-83 and further concludes that there is reliable and probative evidence in the record that supports the CHRO's findings of fact and conclusions. As to the reprimand, in addition to the express findings of the CHRO, there was evidence in the record that Maryland Casualty Co. had no knowledge of the plaintiff's asthma at the time of the reprimand. (ROR, p. 216). As to the discharge, the record shows that, because of the ongoing construction at the place of employment, the plaintiff was unable to work on a regular basis from February, 1995 to the date of her termination. (ROR, p. 224). Further, Maryland Casualty Co.'s policy and guidelines required the plaintiff to disclose the nature of her employment with the Worcester Insurance Co., which she failed to do in a timely fashion. (ROR, p. 219-225). CT Page 9998
The role of this court is not to make the determination of reasonable cause de novo, but to determine if substantial evidence exists in the record to support the CHRO's determination of no reasonable cause. Adriani v. CHRO, supra,228 Conn. 550-557; Miko v. Commission on Human Rights Opportunities,220 Conn. 192, 200-201 (1991). Since the court finds that substantial evidence exists in the record to support the CHRO's determination, this appeal is dismissed.
DiPentima, J.