[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Nancy L. Baroody, brought this administrative appeal from a final decision of the Commission on Human Rights and Opportunities dismissing, on the merits, her fair employment practice complaint alleging sexual harassment and retaliation. Named as defendants in this appeal are the Commission on Human Rights and Opportunities thereinafter CHRO), the State of Connecticut, Department of Public Works, (hereinafter DPW) employer, and John Herndon, formerly Deputy Chief of Staff to then Governor Lowell P. Weicker.
Ms. Baroody was informed of the dismissal of her complaint by certified letter dated August 20, 1996. She then requested the CHRO to reconsider its ruling. The full Commission denied Ms. Baroody's request for reconsideration on November 19, 1996. From that final decision of the CHRO, the plaintiff appealed to this court pursuant to Conn. Gen. Stat. § 4-183.
This is one of many administrative complaints filed by Baroody against her employer the State of Connecticut, Department of Public Works, arising from her personal relationship with John Herndon, then Deputy Chief of Staff to the Governor at the time of Ms. Baroody's original CHRO complaint. Over the past five years Ms. Baroody has filed a total of four CHRO complaints against John Herndon, her employer, and the State of Connecticut. They are:
CHRO Complaint No. 9340174
CHRO Complaint No. 9340442 (subject of this appeal)
CHRO Complaint No. 9340443
CHRO Complaint No. 9340444
Each complaint has been dismissed by the Commission for lack of reasonable cause to certify the same to public hearing. Additionally an Equal Employment Opportunities Commission Complaint filed by Ms. Baroody has also been dismissed. EEOC CT Page 11739 Charge No. 16A930225.
Judicial review of an administrative agency decision is guided by the substantial evidence test. Campisi v. LiquorControl Commission, 175 Conn. 295, 296, 397 A.2d 1365 (1978);Almada v. Administrator, 137 Conn. 380, 391-92, 77 A.2d 765
(1951). This test limits the court's review to a determination of whether there is substantial evidence in the administrative record to support the CHRO's findings of basic fact and whether the conclusions drawn from those facts are reasonable.
 "Substantial evidence exists if the administrative record affords" `a substantial basis of fact from which the fact in issue can be reasonably inferred.' Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 541, 525 A.2d 940 (1987), quoting Lawrence v. Kozlowski, supra, 713; accord Briggs v. State Employees Retirement Commission, 210 Conn. 214, 217, 554 A.2d 292 (1989). "Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly-erroneous' rule." Briggs v. State Employees Retirement Commission, supra; see also American Textile Manufacturers Institute, Inc. v. Donovan, 452 U.S. 490, 523, 101 S.Ct. 2478, 69 L.Ed.2d 185 (1981).
 In conducting its review, a court must defer to the agency's assessment of the credibility of the witnesses and to its right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part. Huck v. Inland Wetlands Watercourses Agency, supra, 540-41.
Connecticut Light Power Co. v. DPUC, 216 Conn. 627, 639-40,583 A.2d 906 (1990).
Our Supreme Court has recognized this limited role of appellate review specifically dealing with CHRO complaints. "We first note the limited scope of review to be exercised by the trial court in reviewing a [commission] determination that there is no reasonable cause to believe that a discriminatory practice has been committed. `Judicial review of an administrative agency decision requires a court to determine whether the conclusions drawn from those facts are reasonable.' Connecticut Light PowerCT Page 11740Co. v. Department of Public Utility Control, 216 Conn. 627, 639,583 A.2d 906 (1990); Board of Education v. Commission on HumanRights Opportunities, 176 Conn. 533, 538, 409 A.2d 1013
(1979)." Adriani v. Commission on Human Rights Opportunities,220 Conn. 307, 314-15, 596 A.2d 426 (1991) (Adriani I). "This so called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [i]t imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. (Citations omitted)"Dufraine v. Commission on Human Rights Opportunities,236 Conn. 250, 260, 673 A.2d 101 (1996). This "substantial evidence rule" is embodied in General Statutes Section 4-183 (j)(5) and (6).
The substantial evidence standard is satisfied if the record provides a substantial basis of fact from which the fact in issue can be reasonably inferred. Adriani, I, supra, 220 Conn. 315.
 As we noted previously, "the term `reasonable cause' as used in Section 46a-83 is synonymous with the term `probable cause' . . . . `Probable cause is a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Probable cause is a flexible common sense standard. . . . It deals with probabilities, and the application of the factual and practical considerations of everyday life on which reasonable and prudent men act.'" Adriani v. Commission on Human Rights Opportunities, 228 Conn. 545, 549-50, 636 A.2d 1360 (1994) (Adriani II).
Dufraine v. Commission on Human Rights Opportunities, supra,236 Conn. 261.
The issue before this court, therefore, is whether there was a substantial basis in the administrative record before the CHRO to support the Commissions's finding of no reasonable cause for either the discrimination or retaliation allegation. CT Page 11741
 I
Without repeating here the detailed findings in the fifteen page Finding Of No Reasonable Cause, by Sadie Chapman, Human Rights Representative, (August 20, 1996), the salient factual findings support dismissal of Ms. Baroody's complaint. The factual record is irrefutable and clear, Ms. Baroody was only a contractual employee with the Department of Public Works, and ultimately a "provisional employee. Ms. Baroody had no vested right, no statutory claim and no contractual entitlement to her durational position. Finding, A. 8, 9, 11, 12, 13, and 27.
State law governs the classified service and the position plaintiff claims she was deprived of. See State Personnel Act, Conn. Gen. Stat. § 5-193, et seq. In particular Conn. Gen. Stat. § 5-235 provides for provisional appointment in filling a position in state service. "Any such provisional appointment shall continue only until a reemployment or candidate list for such position is established and, in no case, for a period exceeding a total of six months. No person shall receive more than one provisional appointment or serve more than six months as a provisional appointee in any one fiscal year." Id.
Ms. Baroody was not a "permanent employee" which is defined as "an employee holding a position in the classified service under a permanent appointment or an employee holding a position in unclassified service who has served in such position for a period of more than six months. . . ." Conn. Gen. Stat. §5-196 (s). Accordingly, Ms. Baroody's provisional status expired without any affirmative action on the part of DPW or the Department of Administrative Services as a matter of law. Findingof No Reasonable Cause, August 20, 1996 (hereinafter Finding) at A. 4, 6, 7, 8, 9, 11, 12 13, 14.
Ms. Baroody is not a victim of discrimination or retaliation as the Commission correctly determined, but instead served as a temporal employee subject to self-executing provisions of the State Personnel Act. Her time as a provisional employee expired once the permanent position was filled by the classified service competitive examination.
 II
Ms. Chapman, the CHRO investigator reviewed the competitive CT Page 11742 examination procedures for the Legislative and Regulations Analyst (LRA) position which plaintiff held as a provisional employee since April of 1992. On December 18, 1992, pursuant to the State Personnel Act, a certified list of candidates passing the competitive examination for the LRA position was promulgated by DAS. Now interviews could commence to select the candidate for this permanent position.
In detailed factual findings, the Commission, through its investigator found that seven applicants were contacted for interviews by the Interview Panel of Joseph P. Patterson, DPW Chief Administrative Officer, Richard J. Tedder, DPW Director of Management Services and William R. Andrews, DPW Agency Personnel Administrator. Interviews were held on January 22 and 27, 1993.
Critical is Finding, A. 17:
 The interview consisted of a list of eight questions. After Complainant's interview, the interview panel members concluded she did not do well during the interview. The panel members stated Complainant's answers were not responsive to the questions and she also tended to ramble and get off into other areas, rather than focusing on the question asked.
However, this was not a problem with other candidates. Mr. Andrews was the only interview panel member to retain his notes of the interview's of all the candidates. In addition, Complainant tape recorded the interview and provided a copy of the transcript which gives some credibility to the interview panel's questions. B3, C9, C7, C18, C29.
Id. (Emphasis added.)
Ms. Baroody was ranked fifth on the overall examination for the LRA position. She was the only person interviewed by the panel to rank in the second interval i.e., the second grouping of five applicants. According to the Commission's investigator, Ms. Chapman:
 The complainant was the only applicant in interval two to be interviewed. The members CT Page 11743 for the Interview Panel noted that, although not required to do so, because Complainant was the incumbent in the position, it was only fair to include her in the applicant pool and give her the opportunity to compete for the position.
Finding, C. 19.
Following a detailed listing of the five candidates interviewed, Finding, C. 20-24, the Interview Panel unanimously recommended a candidate with a higher score than Ms. Baroody. Clifford Hamilton had a score of 89 and was from the first interval, rank 3. He is a black male. Ms. Baroody had a score of 85, was from the second interval, rank 9.
With the hiring of Clifford Hamilton as the permanent employee for the LRA position on February 18, 1993, Ms. Baroody's provisional appointment lapsed by operation of law and she was paid through March 4, 1993. Investigator Chapman found that Ms. Baroody was not discriminated or retaliated against by her employer. Ms. Baroody was favorably treated both as a contractual, emergency and provisional employee. Unfortunately, she simply did not perform well on the competitive exam for the permanent LRA position.
 III
Through the plaintiff's brief she alleges that the CHRO ignored that the State was her employer; the investigator failed to interview several witnesses; the witnesses were not asked relevant questions; the investigator did not consider all of the evidence; and that at least one witness was erroneously identified by Ms. Chapman. Scrutiny of these claims reveals one conclusion: the Commission, through its investigator, Ms. Chapman, engaged in an objective, painstaking review of Ms. Baroody's claims. Ms. Chapman's fifteen page finding is based on scores of exhibits, documents and memoranda spanning several years. The Commission interviewed Ms. Baroody, John Herndon, DPW Commissioner Bruce Morris, Deputy Commissioner Dennis Kerrigan, successful LRA permanent position candidate Clifford Hamilton,[1] LRA Interview Panel members Joseph Patterson, DPW Chief Administrative Officer, Richard Tedder, Director of Management Services and William Andrews, Agency Personnel Director and Steve Negri. CT Page 11744
When Ms. Baroody requested reconsideration of the Commission's decision of no reasonable cause, the entire file was reviewed by an independent, third-party, Robert J. Zambrowski, Reviewer, who on November 1, 1996 recommended denial of plaintiff-Baroody's request. In confronting Ms. Baroody's charge of an incomplete investigation Mr. Zambrowski reviewed the case file and reached the following conclusion:
 A review of the case file and summary indicates a complete investigation was conducted. The record indicates that the relevant material witnesses were interviewed. Detailed findings of fact are made on all material issues involved in this case. These findings are supported by substantial evidence in the record. No material omission or error of fact or law were found by this reviewer.
CHRO Decision on Reconsideration Request, November 19, 1996.
While Ms. Baroody, understandably, is disappointed with the Commission's decision and might criticize its conclusion, her disappointment must be tempered by an employer's right to avoid the time, expense and burden of a formal hearing of an unfair employment practice complaint. This has been recognized by our Supreme Court. "[O]ne of the purposes of the reasonable cause determination is to protect respondents from having to go through the hearing process in cases where the complaint is baseless."Adriani, I., supra, 220 Conn. 327.
Ms. Baroody's complaint is not deemed worthy for hearing in the judgment of the administrative agency charged with enforcement of Connecticut's fair employment practice statute. The informed judgment of the Commission is based on its expertise in this area of the law, as controlled by particular facts. These material facts are: (1) Ms. Baroody was a "provisional" employee of DPW whose right to her position "expired" by statute; (2) She did not fare well on the competitive examination for the permanent position of LRA; and (3) A more qualified person was hired for the position.
 IV
There is an adequate factual and evidentiary basis in the CT Page 11745 administrative record to support the Commission's Finding of No Reasonable Cause to support Ms. Baroody's sexual discrimination complaint. Her complaint was properly and legally dismissed within the statutory mandates of Connecticut's fair employment practices statute.
The administrative appeal by the plaintiff is denied.
HON. WALTER M. PICKETT, JR., State Judge Referee