CIVIL SERVICE COMMISSION OF THE CITY OF WATER-
BURY *v.* COMMISSION ON HUMAN RIGHTS AND OPPOR-
TUNITIES EX REL. JAMES M. TRAINOR ET AL.
(12373)

PETERS, C. J., HEALEY, PARSKEY, SHEA and DANNEHY, Js.

Argued November 14, 1984—decision released February 12, 1985

*Christina G. Dunnell,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general for the appellant (defendant).

*Antony A. Casagrande,* assistant corporation counsel with whom, on the brief, were *Carl R. Cicchetti,* corporation counsel, and *Noel A. Ruggiero,* assistant corporation counsel, for the appellee (plaintiff).

PARSKEY, J. This case involves discrimination in employment because of age. The dramatis personae are the complainant, James Trainor, a firefighter employed by the city of Waterbury, the plaintiff civil service commission of the city of Waterbury (commission) and the defendant commission on human rights and opportunities (CHRO). Standing in the wings is Michael Griffin, a fellow firefighter and the innocent beneficiary of the claimed discriminatory action.

Trainor filed a complaint with the CHRO alleging that he had been denied a promotion to the position of fire lieutenant because of his age. The complaint was referred to a hearing officer who, after an administrative hearing, concluded that, in promoting Griffin to the position of fire lieutenant, the commission impermissibly used age as a factor in violation of General Statutes § 46a-60 (a) (1)[1] to the detriment of the com-

---

[1] "[General Statutes] Sec. 46a-60. (Formerly Sec. 31-126). DISCRIMINATORY EMPLOYMENT PRACTICES PROHIBITED. (a) It shall be a discriminatory practice in violation of this section:

"(1) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ

plainant. The hearing officer ordered, inter alia, that Trainor be appointed to the position of fire lieutenant retroactive to a date certain, together with all the seniority, fringe benefits, retirement credits and any and all other privileges of that office. The commission appealed to the Superior Court which upheld the hearing officer's ruling in all respects and dismissed the appeal. Thereafter the commission appealed to the Appellate Session of the Superior Court.[2] The Appellate Session affirmed the trial court's decision respecting the statutory violation, but held that the hearing officer lacked the authority to order Trainor appointed a lieutenant because in effect the hearing officer would be creating a position which did not formerly exist. It therefore set aside the trial court's judgment and remanded the case with direction to sustain the appeal. Upon the granting of certification, limited to the issue of remedy, CHRO has appealed to this court. We find error in the form of the judgment.

The facts are not in dispute. Trainor was employed by the city as a firefighter in 1971. On November 29, 1977, he took an examination given by the commission for promotion to the position of lieutenant. He and Griffin received identical scores on the examination. Since there was only one position available, the commission resorted to the tie-breaking procedures then set forth in the Waterbury civil service rules and regulations. Chapter VI, § 8, of these regulations provided

or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disorder, mental retardation or physical disability, including, but not limited to, blindness."

[2] During the pendency of the appeal to the Appellate Session, the trial court terminated the stay of execution of its judgment. As a result, Trainor was provisionally appointed to the position of lieutenant, followed by a provisional appointment of captain pursuant to a civil service examination. Griffin has since been appointed to the permanent position of battalion chief.

that in the event of a tie on a promotional examination, the position should be awarded first to the person who scored highest on that phase of the examination bearing the most weight, second to the applicant who first entered the service of the city and third to the applicant born first. Since both Trainor and Griffin remained tied on the basis of the first two tie-breaking methods, the commission utilized the third method and on that basis Griffin, the older of the two, was appointed fire lieutenant.

In granting certification we limited the appeal to the question of the remedy prescribed by the hearing officer. Necessarily involved in that question is the scope of the remedial authority available in discriminatory practice cases. The state fair employment practices statute; General Statutes §§ 46a-60 through 46a-62; is designed to eliminate certain discriminatory practices by employers in the hiring, promotion and discharge of employees. By definition, the statute applies to both public and private employers. General Statutes § 46a-51 (10). General Statutes § 46a-82[3] provides a

---

[3] "[General Statutes] Sec. 46a-82. (Formerly Sec. 31-127). COMPLAINT: FILING. (a) Any person claiming to be aggrieved by an alleged discriminatory practice, except for an alleged violation of section 46a-68, may, by himself or his attorney, make, sign and file with the commission a complaint in writing under oath, which shall state the name and address of the person alleged to have committed the discriminatory practice, and which shall set forth the particulars thereof and contain such other information as may be required by the commission.

"(b) The commission, whenever it has reason to believe that any person has been engaged or is engaged in a discriminatory practice, may issue a complaint except for a violation of subsection (a) of section 46a-80.

"(c) If the commission finds any plan filed pursuant to section 46a-68 in violation of any of the provisions of sections 46a-54 to 46a-64, inclusive, and sections 46a-70 to 46a-78, inclusive, or if any state agency, department, board or commission fails to submit the plan required to be filed by section 46a-68, the commission shall issue a complaint.

"(d) Any employer whose employees, or any of them, refuse or threaten to refuse to comply with the provisions of section 46a-60, may file with the commission a written complaint under oath asking for assistance by con-

wide assortment of prophylactic and specific remedies designed both to prevent future discriminatory practices and to accord the victim of past discrimination specific relief. In determining the scope of the relief authorized by the statute, we are properly guided by the case law surrounding federal fair employment legislation. *Wroblewski* v. *Lexington Gardens, Inc.,* 188 Conn. 44, 53, 448 A.2d 801 (1982); *Pik-Kwik Stores* v. *Commission on Human Rights & Opportunities,* 170 Conn. 327, 331, 365 A.2d 1210 (1976).

A number of principles evolve from the federal cases, especially those pertaining to promotional situations. First, the victim of a discriminatory practice is to be accorded his rightful place in the employment scheme, that is, he has a right to be restored to the position he would have attained absent the unlawful discrimination. *Spagnuolo* v. *Whirlpool Corporation,* 717 F.2d 114, 121 (4th Cir. 1983). Second, relief will not be provided the injured party by ordering the displacement or bumping of innocent incumbent employees. *Patterson* v. *American Tobacco Co.,* 535 F.2d 257, 267 (4th Cir. 1976). Third, if there are no positions available that are commensurate with the complainant's just expectations, the hearing officer may order, where appropriate, other job-related relief. See *United Papermakers Local 189* v. *United States,* 416 F.2d 980 (5th Cir. 1969), cert. denied, 397 U.S. 919, 90 S. Ct. 926, 25 L. Ed. 2d 100 (1970). Such an order may include retroactive and prospective monetary relief. See *Cross* v. *Board of Education,* 395 F. Sup. 531 (E.D. Ark. 1975); note, "Front Pay—Prophylatic Relief Under Title VII of the Civil Rights Act of 1964," 29 Vand. L. Rev. 211 (1976). "Where prohibited discrimination

---

ciliation or other remedial action.

"(e) Any complaint filed pursuant to this section must be filed within one hundred and eighty days after the alleged act of discrimination except that any complaint by a person claiming to be aggrieved by a violation of subsection (a) of section 46a-80 must be filed within thirty days of the alleged act of discrimination."

is involved, the hearing officer has not merely the power but the duty to render a decree which will, so far as possible, eliminate the discriminatory effects of the past as well as bar like discrimination in the future." *Wroblewski* v. *Lexington Gardens, Inc.,* supra, 66–67 (*Parskey, J.,* dissenting); *Albemarle Paper Co.* v. *Moody,* 422 U.S. 405, 418, 95 S. Ct. 2362, 45 L. Ed. 2d 280 (1975).

Applying these principles to the present case, Trainor's rightful place was to be on a par with Griffin. Prior to Griffin's appointment, each candidate had merely an opportunity to be appointed to the position of lieutenant. This opportunity could have been converted to an entitlement by employing any non-discriminatory method. After Griffin's appointment by virtue of a discriminating tie-breaking method, however, the position of the parties was altered. Waterbury could not be required to create an additional position of fire lieutenant, nor could the city be required to remove Griffin, an innocent beneficiary of unlawful discrimination, from the position to which he had been appointed. To keep Trainor on a par with Griffin, an order could have been entered giving Trainor the functional equivalent of the position to which Griffin was appointed together with all of the rights and privileges appertaining thereto. This would have included the right to be considered for additional promotional positions on the same footing as Griffin. See *Quarles* v. *Phillip Morris, Inc.,* 279 F. Sup. 505 (E.D. Va. 1968).

Although the Appellate Session was correct in ruling that the hearing officer had no authority to order Trainor appointed to a non-existent position; see *Draper* v. *Clark Dairy, Inc.,* 17 Conn. Sup. 93, 100 (1950); it should have remanded the case to the trial court for further remand to the hearing officer so that he could consider other forms of authorized relief. Since the pendency of this appeal, we have been advised by

counsel that Trainor has now been appointed to the permanent position of captain. Hence that part of the order which was of concern to the Appellate Session has now become moot.[4] The remainder of the order is consistent with our opinion.

There is error, the judgment of the Appellate Session is set aside and the case is remanded to the Appellate Court[5] with direction to reinstate the judgment of the trial court.

In this opinion the other judges concurred.

---

[4] Because certain financial claims remain unresolved, the appointment of Trainor to the permanent position of captain does not render this case moot.

[5] By virtue of General Statutes § 51-197a (c), all matters pending in the Appellate Session of the Superior Court as of July 1, 1983, are to be construed as pending in the Appellate Court.