[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Terry Ann Williams, is appealing the decision of the State of Connecticut Commission on Human Rights and Opportunities (CHRO) dismissing her complaint. The dismissal was based on a jurisdictional determination that the complaint of employment discrimination on the basis of mental disability, General Statutes § 46a-60 (a)(1), was untimely. This appeal is authorized pursuant to §§ 46a-94a and 4-183.
A complaint of employment discrimination must be filed with the CHRO "within one hundred and eighty days after the alleged CT Page 11820 act of discrimination." Section 46a-82 (e). The plaintiff's complaint was filed with the CHRO on February 10, 1994. One hundred and eighty days preceding the filing date would set August 14, 1994 as the statutory cutoff date for alleged acts of discrimination. Plaintiff's complaint alleges that she was "employed by respondent (Shawmut Bank)[1] from October of 1979 until January 29, 1991" (R. p. 91.) Plaintiff was given a written warning by her employer on January 28, 1991, worked January 29, 1991; called in sick on January 30, 1991, and never returned to work. Plaintiff's last day of work was thus on January 29, 1991 (R. pp. 119, 159, 161), more than three years prior to the filing of her complaint. Plaintiff filed a workers compensation claim alleging a work related stress claim commencing January 28, 1991 (R. p. 121). Plaintiff also filed successfully for disability benefits alleging she was disabled from January 29, 1991 (R. p. 137, 206-07).
In the period after she stopped working, plaintiff was advised by her employer on March 22, 1991, that her job had been filled and she had been replaced (R. p. 130). Plaintiff refused an offer of another position at the bank at her former pay rate on April 15, 1991 (R. p. 132).
Plaintiff was continued on full salary until May 21, 1991 (R. p. 159). Plaintiff applied for and was granted long term disability in July of 1991 (R. p. 134-140). Plaintiff received $1,384.96 in disability payments and had been receiving $2,233.08 a month in employment compensation. The disability was limited to a maximum of twenty-four months from the date the disability began (R. p. 143). Plaintiff's disability payments expired at the end of the twenty-four month period on January 30, 1993. While continuing to receive disability benefits, plaintiff commenced employment with Colt Firearms on January 4, 1993.
Plaintiff settled her worker's compensation claim against Shawmut on July 7, 1993; and received an additional $17,000 in such compensation. Plaintiff received an August 3, 1993 letter from Shawmut advising her of her Federal rights to continue health insurance coverage. The letter noted a "Termination of Employment" of January 23, 1993.
On October 15, 1993, Plaintiff's attorney inquired about the termination and requested plaintiff's return to work.
Shawmut's attorney indicated by letter of December 17, 1993, CT Page 11821 that further time was needed to respond and confirming an agreement not to assert a defense of statute of limitations.
There are no Connecticut court decisions which address the issue of whether the one hundred eighty day time limit of §46a-82 (e) is jurisdictional. Federal law on similar filing requirements has found that they are not jurisdictional but are analogous to statutes of limitations. Zipes v. TWA, 455 U.S. 385,398 (1982). However, CHRO makes a strong argument that in view ofAngelsea Productions, Inc. v. CHRO, 236 Conn. 681 (1996), andBridgeport Hospital v. CHRO, 232 Conn. 91, 109-10 (1995) Connecticut law might take a stricter view of the filing requirements.
Assuming that the one hundred eighty day filing requirement is subject to equitable estoppel; this factual scenario does not create a case for the invocation of such doctrine.
As a general rule, Connecticut courts look to federal law for aid in construing anti-discrimination state law. Levy v. CHRO,236 Conn. 96, 103 (1996); Civil Service Commission v. CHRO,195 Conn. 226, 230 (1985). Equitable relief as a general rule is only available in limited cases. Irwin v. Dept. of VeteransAdministration, 498 U.S. 89, 96 (1990).
In employment discrimination cases "[c]ourts have taken a uniformly narrow view of equitable exceptions to Title VII limitation periods." Earnhardt v. Com. of Puerto Rico,691 F.2d 69, 71 (1st Cir. 1982). Also, see Baldwin County Welcome Centerv. Brown, 466 U.S. 147, 152 (1984), where in denying an equitable tolling claim the court noted: "[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." BaldwinCounty Welcome Center v. Brown, 466 U.S. 147, 152 (1984). One commentator has noted: "Plaintiffs who seek to excuse on equitable grounds their late filing of charges with . . . a state agency bear a heavy burden of proof. Plaintiffs often argue for equitable tolling, but the argument seldom succeeds." 4 Larson, Employment Discrimination (2d ed. 1995), § 72.06.
The CHRO in denying Plaintiff's equitable tolling claims notes that plaintiff was represented by legal counsel throughout the period from January or February 1991 through February of 1994. Representation by counsel has been a factor in denying equitable tolling claims in employment discrimination cases. CT Page 11822Manning v. Carlin, 786 F.2d 1108 (11th Cir. 1986); Morse v. DailyPress, 826 F.2d 1351, (4th Cir. 1987) cert. denied 484 U.S. 965
(1987); Lopez v. Citibank, N.A., 808 F.2d 905, 906-07 (1st Cir. 1987); Welty v. S.F.G. Inc., 605 F. Sup. 1548 (N.D.Ala. 1985).
Plaintiff relies on the agreement with the employer's legal counsel reached in December 1993, to excuse a failure to file when her actual employment ended in January 1991. There are no representations that plaintiff was misled by her former employer or was involved in settlement negotiations.
Plaintiff offers no authority that the CHRO is bound by the agreement of her employer not to assert a statute of limitations defense.
There is no evidence to suggest that plaintiff was prevented from filing her complaint. In fact plaintiff did not meet her obligation to produce evidence justifying tolling or supporting her claim that the termination of employment had not occurred in January 1991 when she stopped working for Shawmut; or in January 1993, when she commenced working with Colts. Plaintiff was obligated to produce evidence. General Statutes § 46a-59, Regulations of Ct. State Agencies § 46a-54-68(a) and (c);Turner v. CHRO, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 383393 (October 7, 1996, McWeeny, J.); Hazleton v CHRO, Superior Court, judicial district Hartford/New Britain at Hartford, Docket No. 383393 (June 27, 1996, Hodgson J.).
Plaintiff's response to notice of the jurisdictional issue was a March 21, 1996 legal argument, but not factual assertions as to why the December 1993 agreement would save an appeal which was then already untimely.
Plaintiff argues that its agreement with her employer not only estops it but the CHRO as well from reviewing timeliness. The CHRO in response to a charge is obligated to commence investigation and conciliation procedures. Angelsea v. CHRO, supra, and Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466
(5th Cir. 1970). The investigatory and conciliation responses are distinct from the notice to employer function of the complaint. Courts have recognized the need for an independent examination of the appropriateness of equitable tolling in discrimination cases.Barrett v. Frank, 776 F. Sup. 1312 (N.D.Ill. 1991); BaldwinCT Page 11823County Welcome Center v. Brown, supra, 466 U.S. 147.
The CHRO was not prevented by the employer's agreement from conducting a review of the timeliness of the complaint. In this case the complaint was untimely and equitable tolling was inappropriate.
The appeal is dismissed.
Robert E. McWeeny, J.