[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above-captioned case is an administrative appeal from the decision of the Connecticut Commission on Human Rights and Opportunities ("CHRO") dismissing a complaint of employment discrimination filed by Amy Beth Kopacz ("Kopacz") against Day Kimball Hospital ("Hospital").
Procedural Background
On April 29, 1997, Kopacz filed an Affidavit of Illegal Discriminatory Practice with CHRO, charging the Hospital with discrimination in violation of General Statutes § 46a-60
(a)(1), the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. See Record ("R.") at 28-30. Kopacz claimed that the Hospital discriminated against her on the basis of a physical disability (back injury), when it refused to reinstate her to her full-time position as an x-ray technician in November, 1996, after her clearance to return to work after surgery, offering her instead only a per diem position. On May 2, 1997, CHRO gave notice to the Hospital of the plaintiff's complaint. R.32-33.
On June 9, 1997, the Hospital mailed a position statement, CT Page 12432 answer and responses to CHRO's requests for information (attached as Schedule A to the CHRO notice of May 2, 1977). R.186-231, 239-240. The position statement stated that Kopacz was injured on the job in 1994, that the Hospital had made efforts to work with her to find alternative work over the next two years, that she had not been able to perform her regular job from March 15, 1995 through March 15, 1996, and that on March 20, 1996, Kopacz's employment had been terminated. R.188.[1]
The position statement also maintained that when Kopacz had improved in November 1996, there was no full-time job available for x-ray technician. The Hospital offered her, and she accepted, a per diem position, however. R.189. The Hospital also asserted that any claim of discrimination surrounding Kopacz's termination
in March, 1996, was untimely, in that her CHRO complaint was filed more than 180 days after her termination. R.240.
Along with the position statement and answer, as indicated, the Hospital filed Schedule A information. Some data was provided in the responses, such as the total number of employees at the Hospital and in the imaging and radiology departments, but in most instances the Hospital indicated that reference should be made to the position statement. R.230.
On June 25, 1997, Kopacz moved that the Hospital be defaulted for failure to "respond [sufficiently] to the interrogatories contained within CHRO's Schedule A. . . ." Kopacz declared that the Hospital's referral in its Schedule A responses to the position statement was not permitted by General Statutes §§46a-83 (i) and 46a-54 (11). R.62. On June 26, 1997, the Hospital wrote to CHRO pointing out that an answer, a position statement and the Schedule A responses had been filed, that the Hospital stood ready to supplement these responses if requested by CHRO and that an official of CHRO had stated to the Hospital that no default was contemplated at this time. R.185.
On July 11, 1997, Kopacz wrote to CHRO rebutting the Hospital's position statement, stating that she had been assured that she would be considered for a position at such time as she was ready to return to work. With regard to the Schedule A responses, Kopacz continued to argue that these responses were inadequate, contending that the responses were "interrogatories" under General Statutes § 46a-54 (11). According to Kopacz, the statute did not permit a mere reference to the position statement, but required submission of more detailed information. CT Page 12433 R.55-67.
On July 16, 1997, the Hospital wrote again to support its position, attaching a transcript of Kopacz's deposition in a lawsuit then pending, claiming discrimination against the Hospital for its handling of Kopacz's workers compensation claims.[2] R.72-184. Kopacz replied on July 21, 1997, arguing that the workers compensation statutes prohibited the Hospital from discharging her while she was receiving workers compensation benefits. Kopacz asked the CHRO to direct the Hospital to answer "each and every question" and not to refer to "generic" position papers. R.50.
Subsequently CHRO assigned Kopacz's Affidavit of Illegal Discriminatory Practice to an investigator, pursuant to CHRO's merit assessment process, General Statutes § 46a-83 (b). On July 27, 1997, the CHRO investigator dismissed Kopacz's complaint on the ground that there was no reasonable possibility that further investigation would lead to a finding of reasonable cause. R.3-7; 10-1 7. The dismissal stated in part:
 It is not disputed [Kopacz] was separated from [the Hospital's] employment since March 1996 due to the fact she was unable to return to work full duty as a radiographer. In October 1996, [Kopacz] was released to full duty and requested to return to work as a radiographer. In response to [Kopacz's] request, she was rehired as a per diem radiographer. There is no information in the case file to suggest there was any available full duty radiographer [position] [Kopacz] could return to. Moreover, based on the undisputed facts, there is no duty on [the hospital's] part to keep [Kopacz's] position open indefinitely. R.5.
Kopacz now challenges CHRO's dismissal in this Court. It is found by this court that Kopacz is aggrieved.
The Appeal Is Without Merit
Kopacz raises only one issue[3] in this administrative appeal-that CHRO should not have made a finding pursuant to General Statutes § 46a-83 (b)[4] that there was no reasonable possibility that a reasonable cause finding would result, when certain information, said to be significant, had not been gathered from the Hospital. In other words, the claim is CT Page 12434 made that the investigation by CHRO was incomplete and defective at the time the finding was made. See Dufraine v. CHRO,236 Conn. 250, 264 (1996) (determination that an existing administrative record did not support, by substantial evidence, a finding of no reasonable cause because the record itself is incomplete).
An investigation error cannot be found, as Kopacz insists, plaintiff's brief, 7-8, in any failure of the Hospital to answer "interrogatories" posed by CHRO. Kopacz is incorrect when she characterizes the Schedule A responses as interrogatories. CHRO interrogatories authorized by General Statutes § 46a-54 (11) and Regulations of State Agencies § 46a-54-71 must be answered under oath within thirty days. Here CHRO had not issued any interrogatories. Rather at the service of the complaint, CHRO had asked the Hospital to supply information voluntarily through Schedule A. Regulations of State Agencies § 46a-54-61. The regulation continues: "If the respondent fails to provide such information, the commission may seek such information by a subpoena, interrogatory or other appropriate means."(emphasis added).
Since the Hospital voluntarily supplied certain information to CHRO and CHRO never chose to issue interrogatories under § 46a-54-71, Kopacz cannot prevail on the ground that CHRO did not insist on the completion of interrogatories posed to respondent before dismissal[5]. Simply put, no formal interrogatories issued from CHRO requiring a formal response.
Kopacz argues, plaintiff's brief, 5-6, that CHRO should have had in the record much more information on her disability, and the failure to have this information before the complaint was dismissed was prejudicial. She would have had the CHRO direct the Hospital to answer the following: 1. The dates the disability commenced and ceased, 2. medical information regarding the disability, 3. information on how the Hospital learned of the disability, 4. information on what Kopacz had told the Hospital about her disability, 5. information on what the Hospital thought her disability consisted of, and 6. information on how long Kopacz would be unable to perform her job.
Kopacz attached to her brief two memoranda[6] received by the Hospital from physicians indicating that the Hospital knew in March, 1996, that she would be on a leave of absence for approximately eight months. These memoranda were uncovered after the CHRO complaint was dismissed, during the course of Kopacz's CT Page 12435 civil suit. She claims that there was evidence of knowledge by the Hospital of the nature of her disability and its duration, that the disability could have been accommodated[7], and that this information should have been a part of the CHRO record.
The trouble with this contention, even assuming that CHRO should have had this material before making its decision, is that Kopacz filed her affidavit on April 26, 1997, thereby making any allegation regarding her termination untimely. The affidavit was filed over one year after her termination in March, 1996. Pursuant to General Statutes § 46a-82 (e) a complaint of discrimination must be filed within 180 days of the alleged act of discrimination. CHRO does not have jurisdiction over complaints not timely filed. Robinson v. CHRO, 48 Conn. App. 902
(1998), affirming No. CV 96 05558017 (J. D. Hartford-New Britain, March 26, 1997); Thomas v. CHRO, No. CV98-0575968 S (J. D. Hartford-New Britain, February 19, 1999). Any alleged act taking place outside the 180-day period would be beyond the jurisdiction of CHRO. Id. With regard to a claim of illegal termination due to disability, therefore, Kopacz cannot claim that CHRO has failed develop the record and that the Hospital has not supplied necessary documentation. The allegedly crucial facts surrounding her discharge in March, 1996 were not jurisdictionally relevant when CHRO took its action on July 27, 1997, dismissing Kopacz's complaint.
The parties do not contest the jurisdiction of CHRO to consider Kopacz's claim based on the failure to recall in November, 1996. This claim appears to be timely, as it was filed by the 179th day after the denial of restoration of Kopacz to a full-time position at the Hospital.[8] Kopacz's claim here was that she was ready, willing and able to return and the Hospital did not re-employ her to a full-time position. Complaint paragraph 3(d). Again CHRO had to decide in its initial review whether Connecticut or federal law required that she be rehired. In deciding this issue, CHRO needed to know if there were any open positions in the radiology department of the Hospital. See,e.g., Civil Service Commission v. CHRO, 195 Conn. 226 (1985);Foreman v. Babcock Wilcox Co., 117 F.3d 800 (5th Cir. 1997). This is also the meaning of the document entitled EEOC Notice Number 915.002, tendered to the court at the oral argument: Kopacz was not entitled to re-instatement if there were an undue hardship on the employer, and the employer is not required to "bump" an employee in place to create an opening. See EEOC responses 19 and 22. CT Page 12436
The record before CHRO included a letter from Kopacz dated October 22, 1996, stating that she was being cleared to return to work full-duty by her doctor on November 1, 1996. R.211-212. The Hospital responded that there were no positions open, but offered to secure a per diem position for her. R.208. The record indicated that Kopacz knew that no positions were available. R.120.
The doctors' letters (see footnote 6) form the basis of Kopacz's contention that had there been further proceedings at CHRO, she would have demonstrated that her intended absence was not open-ended, but of a limited duration. While this information might have been significant for the termination claim, had it been timely, the doctors' evaluations do not prove anything for the re-instatement claim. At the time Kopacz was seeking re-instatement, she was not disabled and was available for immediate employment. Contrary to Kopacz's claim, therefore, the record supported CHRO's conclusion that the Hospital did not have a duty to keep Kopacz's position open for an indefinite time.
This record was sufficiently developed by CHRO so that the agency could conclude, as it did, that no reasonable possibility existed that a reasonable cause finding would be made. Dufraine,supra; Adriani v. CHRO, 220 Conn. 307 (1991). The court declines to consider two issues raised by Kopacz in oral argument that were not briefed. The first point raised by Kopacz is that she was not in fact terminated on March 20, 1996, and that as a employee she had a continuing right to her position in the radiology department.[9] The second issue attacks the CHRO finding of no radiological vacancies because, on termination, Kopacz was replaced by a worker who was then a per diem employee. This matter of law — the effect of the hiring of a temporary employee on the existence of a vacancy — was never raised either in the CHRO proceedings nor in the administrative appeal. Based on the record and the issues raised in the briefs to the court, the complaint is dismissed.
Henry S. Cohn, Judge