[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In a four count revised complaint, the plaintiff alleges employment discrimination in violation of General Statutes §46a-58(a) (count one) and § 46a-60(a)(1) (count three), intentional infliction of emotional distress (count two), employment discrimination in violation of § 46a-60(a)(1) and retaliation in violation of § 46a-60(a)(4) (count four). The essential facts are not in dispute and are as follows: The plaintiff, an "African-American male," was a fourteen year employee of the defendant, Allstate Insurance Company (Allstate), from 1982 until September 9, 1996, when he resigned from his position as a Territorial Education Manager in Allstate's Northeast Regional Office in Farmington, Connecticut. In pertinent part, his resignation letter stated that "an opportunity presented itself which I, frankly, cannot pass up. " The plaintiff subsequently left Allstate on September 27, 1996, for a position with Connecticut Life Casualty (CLC) where he left after only eleven (11) days of employment. After leaving CLC, he attempted to return to Allstate. He was aware at the time of his application that the position he sought at Allstate would have required him to report to the same supervisor he had before he left. Allstate did not rehire him, and the plaintiff CT Page 14481 was unemployed for a period of eight months before he secured a position with Nationwide Insurance Company.
In his revised complaint, the plaintiff claims that after he was transferred to the Farmington, Connecticut office of Allstate in 1995, he "discovered the existence of a systematic pattern of racial and other unlawful discrimination . . . against African-American employees in Connecticut." (Revised Complaint, ¶ 4.) Specifically, the plaintiff alleges that he experienced or observed a pattern of racial discrimination arising out of incidents mostly involving others which caused him to fear termination and which ultimately caused him to resign. In an affidavit submitted by the plaintiff, at the request of the court, in opposition to the defendant's motion for summary judgment, the plaintiff details his observations about others and "harsh, arbitrary, irrational and discriminatory conduct" toward him by his immediate supervisor, Edward Sordellini. (Plaintiff's Affidavit, ¶¶ 29-42.)
At oral argument, counsel for the plaintiff conceded that the defendant was entitled to summary judgment as to count one, alleging a violation of § 46a-58(a), in accordance withCommission on Human Rights Opportunities v. Truelove Maclean,Inc., 238 Conn. 337, 346, 680 A.2d 1261 (1996), which essentially holds that § 46a-58(a) provides no basis for claims of discriminatory employment practices that fall within the scope of § 46a-60. Summary judgment is therefore granted as to count one.
 I.
The standards that the court must apply in deciding a motion for summary judgment are well established. "Practice Book § 384 [now 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine CT Page 14482 issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc.,248 Conn. 21, 24, 727 A.2d 204 (1999).
The defendant's motion for summary judgment and memorandum of law, appended to which were numerous deposition exhibits and affidavits, were originally filed in this court on June 8, 1999. An opposition memorandum was filed by the plaintiff on July 6, 1999, to which was appended the deposition of Kenneth Yancey in its entirety. During the original oral argument, held on July 12, 1999, the court asked the plaintiff to articulate the issues of material fact that he claimed were in dispute. As an accommodation to the plaintiff, the court allowed two weeks to afford the plaintiff the opportunity to identify outstanding issues of material fact and to address the legal arguments made by the defendant. On July 26, 1999, the plaintiff responded with a one paragraph supplemental memorandum which simply made reference to the appended affidavit of the plaintiff recounting the history of his claim against Allstate in more detail than in the complaint. Since the plaintiff has not identified any facts in dispute either in his papers or at oral argument, the sole remaining issue for the court to determine is whether the defendant is entitled to judgment as a matter of law on counts two, three and four. Even viewing the facts in a light most favorably to the plaintiff, the court finds that they are insufficient as a matter of law to support the legal claims he makes and, as a consequence, the defendant is entitled to summary judgment on all counts.
 II.
The defendant moves for summary judgment as to count two on the ground that the plaintiff has not established "extreme and outrageous" conduct, and on the further ground that the plaintiff has not established that he suffered severe emotional distress. The defendant argues that the plaintiff's allegations fail as a matter of law to rise to the level of extreme or outrageous conduct, and therefore the plaintiff cannot establish the elements necessary to prove a claim for intentional infliction of emotional distress. (Defendant's Memorandum, p. 24.) The plaintiff responds that the conduct alleged, taken as true, is sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress. (Plaintiff's Memorandum in Opposition, pp. 10-11.) CT Page 14483
To establish a prima facie claim of intentional infliction of emotional distress, the plaintiff must establish that (1) the defendant intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from his conduct; (2) the conduct of the defendant was extreme and outrageous; (3) the defendant's conduct was the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was severe. DeLaurentis v. City of New Haven,220 Conn. 225, 266-67, 597 A.2d 807 (1991); Restatement 2d Torts § 46.
The plaintiff offers his affidavit[1] in which he attests that Allstate acted maliciously by (1) giving Curtis Cowan, an African-American sales agent, a third place of honor for sales; (2) representing that the plaintiff's completed certification package was sent to Allstate's Illinois home office when it was not; (3) instructing the plaintiff to disassociate himself from diversity management within the company; (4) refusing to permit Wanda Greaves-Holmes, a minority agent, to relocate her office; (5) terminating Errol Skyers, an African-American employee; (6) failing to take action against an agent who allegedly sexually harassed an African-American customer; and (7) retaliating against him. (Plaintiffs Affidavit, ¶¶ 17, 19, 30-34, 36, 40, 42, 49.) The plaintiff alleges that these actions were extreme, outrageous and malicious and that the defendant knew that it would or possibly would cause the plaintiff to suffer emotional distress, (complaint, count two, ¶¶ 13-14), but fails to offer any evidence to support these allegations. The plaintiff has therefore, failed to provide an evidentiary foundation in satisfaction of the essential elements of a claim of intentional infliction of emotional distress or one which demonstrates the existence of a genuine issue of material fact as to this claim.Rivera v. Double A Transportation, Inc., supra, 248 Conn. 24.
Only items two, three and seven above involve the plaintiff directly and none of the seven items amount, as a matter of law, to conduct which "exceeds all bounds usually tolerated by decent society." Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337
(1986). Moreover, the plaintiff did not offer any evidence that would tend to prove that the defendant knew or should have known that its employment practices concerning other employees was likely to cause emotional distress to the plaintiff. Finally, the plaintiff has failed to produce any evidence supporting the one conclusory allegation made in the complaint that he experienced severe emotional distress as a result of the conduct of the CT Page 14484 defendant. Therefore, summary judgment is granted as to count two.
 III.
The defendant moves for summary judgment as to counts three and four on the grounds that the plaintiff has failed to show that he suffered any adverse employment action which is an essential element of claims of employment discrimination and retaliation. The plaintiff contends that he was constructively discharged from his position with the defendant corporation, because his discriminatory working environment forced him to resign. (Plaintiff's Affidavit, ¶¶ 44-45.)
As the Connecticut Fair Employment Practices Act (CFEPA), General Statutes § 46a-51 et seq., is closely modeled after Title VII of the Civil Rights Act of 1964, it is appropriate to look to federal case law interpreting Title VII for guidance in interpreting § 46a-60. See Brittel v. Department ofCorrection, 247 Conn. 148, 164, 717 A.2d 1254 (1998); State v.Commission on Human Rights Opportunities, 211 Conn. 464, 470-71,559 A.2d 1120 (1989); Civil Service Commission v. Commissionon Human Rights Opportunities, 195 Conn. 226, 230, 487 A.2d 201
(1985); Wroblewski v. Lexington Gardens, Inc., 188 Conn. 44, 53,448 A.2d 801 (1982); Pik-Kwik Stores, Inc. v. Commission on HumanRights Opportunities, 170 Conn. 327, 331, 365 A.2d 1210 (1976). To establish a prima facie case of discrimination, the plaintiff must show that (1) he was a member of a protected group; (2) he was qualified for the job; (3) he suffered an adverse employment decision; and (4) the adverse employment decision occurred under circumstances giving rise to a reasonable inference of discrimination. See Texas Department of Community Affairs v.Burdine, 450 U.S. 248, 253-54, 101 S.Ct. 1089, 67 L.Ed.2d 207
(1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802,93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
"Normally, an employee who resigns is not regarded as having been discharged. . . . Through the use of constructive discharge, the law recognizes that an employee's "voluntary' resignation may be, in reality, a dismissal by an employer." (Citation omitted; internal quotation marks omitted.) Brittel v. Department ofCorrection, supra, 247 Conn. 178. "Constructive discharge of an employee occurs when an employer, rather than directly discharging an individual, intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily. CT Page 14485 Working conditions are intolerable if they are so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign. Accordingly, a claim of constructive discharge must be supported by more than the employee's subjective opinion that the job conditions have become so intolerable that he or she was forced to resign." (Citations omitted; internal quotation marks omitted.) Id.
The plaintiff has not offered sufficient support for the contention that his workplace was intentionally made to be so intolerable or unpleasant that a reasonable person in the plaintiff's shoes would have felt compelled to resign. The plaintiff relies heavily on the experiences of others to support this claim, contrary to applicable case law. See, e.g., Haskellv. Kaman Corp. , 743 F.2d 113, 121-22 (2d Cir. 1984). His personal experiences, as alleged, do not rise to the level of being so intolerable as to force the plaintiff to resign. In addition, the fact that he reapplied for a position with the defendant so soon after his departure knowing that he would be reporting to the same supervisor further undermines his claim of constructive discharge. Therefore, the defendant is entitled to judgment as a matter of law and its motion for summary judgment is granted as to count three.
 IV.
As to count four, the defendant argues that the plaintiff has failed to establish a claim of retaliation pursuant to §46a-60(a)(4). (Defendant's Memorandum, p. 42.) The plaintiff has offered nothing in its opposition motion to support the allegations contained in count four.
To establish a prima facie case of retaliation, the plaintiff must sufficiently allege that (1) he was engaged in protected activity; (2) the defendant was aware of the activity; (3) the plaintiff suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. Reed v. A.W. Lawrence Co., Inc.,95 F.3d 1170, 1178 (2d Cir. 1996).
For the same reasons enumerated in count three, count four also fails. The plaintiff offers no evidence that he suffered an adverse employment action. As discussed previously, the plaintiff fails to establish that he was constructively discharged. Moreover, the defendant did not terminate, transfer, cause to CT Page 14486 lose wages or benefits, or formally reprimand the plaintiff for his complaints or charges of discrimination against other employees of the defendant. While such actions are not required for a claim to amount to retaliation, "not every unpleasant matter . . . creates a cause of action." (Internal quotation marks omitted.) Wanamaker v. Columbian Rope Company,108 F.3d 462, 466 (2d Cir. 1997).
Accordingly, the defendant's motion for summary judgment is hereby granted in its entirety.
Peck, J.